## ESTES v. HARTSHORNE et al.

No. 10505—Opinion Filed May 8, 1923.

Second Rehearing Denied May 29, 1923.

(Syllabus.)

**Attorney and Client — Lien Against Judgment for Fee—Right to Enforcement.**

Where an attorney made application in a suit pending in the district court for an allowance for his attorney's fee in the sum of $1,500, and for a lien adjudged against a judgment procured by him as attorney for plaintiff in said cause and the evidence clearly showed without contradiction that such attorney had performed services for said plaintiff, and that said services were reasonably worth not less than $1,000, nor more than $1,500; and that said attorney had filed notice of his lien claim in said cause; and that he was entitled to have the amount of the attorney's fee ordered paid out of the judgment rendered in favor of the plaintiff; and the trial court rendered judgment denying such attorney any relief, such judgment is without any evidence to support it. The same should be reversed, and the cause remanded, with directions to the trial court to fix the amount of the applicant's compensation, and order the same paid out of the judgment of the plaintiff in said cause; and it is so ordered.

Error from District Court, Oklahoma County; Geo. W. Clark, Judge.

Application by J. S. Estes for allowance of attorney's fee and enforcement of lien therefor. Relief denied, and claimant brings error. Reversed and remanded, with directions.

Wilson, Tomerlin & Threlkeld, for plaintiff in error.

Chas. L. Moore, for defendants in error.

JOHNSON, C. J. This action was commenced by J. S. Estes filing his application in the case of Emma Hartshorne v. Eugene Hartshorne, pending in the district court of Oklahoma county, for an allowance of attorney's fee in the sum of $1,500, and to have a lien adjudged against a judgment procured by him as attorney for plaintiff in said case.

The application was heard before Hon. Geo. W. Clark, district judge. Upon the hearing, the application for a lien for attorney's fee was denied. From that action of the court the said J. S. Estes has appealed. The case was regularly submitted in this court on the 13th day of December, and the judgment of the trial court was reversed in an opinion filed March 13, 1923, in which it was recited that no brief had been filed by the defendant in error as required by rule 7 of this court (47 Okla. vi), and from an examination of the brief of the plaintiff in error it appeared that the judgment should be reversed.

Upon application of the defendant in error the original opinion herein has been withdrawn and the briefs of the defendant in error have been filed and considered.

From an examination of the record and briefs of both parties filed herein, we are of the opinion that the judgment of the trial court was not supported by any evidence. The evidence clearly showed without contradiction that the plaintiffs in error had performed service for the said Emma Hartshorne for which he was entitled to recover a reasonable attorney's fee of not less than $1,000 and not to exceed $1,500, and that the plaintiff in error had filed notice of his lien claim in said cause, and that he was entitled to have the amount of the attorney's fee and his lien therefor ordered paid out of the judgment rendered in favor of Emma Hartshorne against Eugene Hartshorne. Hence the judgment of the trial court denying the plaintiff any relief is without any evidence to support it.

It is, therefore, ordered that the judgment of the trial court be reversed, and the cause remanded, with directions for the trial court to proceed to fix the amount due said J. S. Estes as attorney's fee in said case, and award a lien against the judgment rendered in favor of Hartshorne for the payment thereof, and for such other and further proceeding therein as may be consistent with this opinion.

KANE, McNEILL, KENNAMER, COCHRAN, and BRANSON, JJ., concur.